IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dontest Gerald, ) | C/A No.: 1:14-2063-JFA-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Jimmy Richardson II, Solicitor, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Dontest Gerald submits this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without requiring respondent to file a return.

I.      Factual and Procedural Background

Petitioner, a pretrial detainee at the J. Reuben Long Detention Center ("JRLDC") in Conway, South Carolina, awaits disposition on charges of attempted murder, possession of a weapon during a violent crime, and possession of a weapon by a felon. [Entry #1 at 1]. He indicates that he was extradited to Horry County under the Interstate Agreement on Detainers Act ("IADA") nine days before his release from federal prison. *Id.* at 8. Petitioner alleges that under the provisions of the IADA, the state of South Carolina had 180 days from the date of his arrest to dispose of his charges. *Id.* at 8. Plaintiff contends that he arrived at JRLDC on March 21, 2013, and the 180-day deadline

expired in September 2013. *Id.* at 9. Petitioner seeks immediate release from state custody for violations of his right to a speedy trial under the IADA. *Id.* at 11.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

B.     Analysis

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Federal habeas relief is available under § 2241 only if exceptional circumstances justify the provision of federal review. *Dickerson*, 816 F.2d at 228.

Petitioner alleges that he is being illegally confined due to the state of South Carolina's violation of the IADA. [Entry #1 at 11]. The IADA is a "compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000). The Fourth Circuit, along with the majority of federal circuits, holds that a violation of the IADA, without more, generally does not justify habeas corpus relief. *See Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985); *see also Reed v. Farley*, 512 U.S. 339, 352 (1994)*; Fasano v. Hall,* 615 F.2d 555, 558 (1st Cir. 1980) (holding violations of IADA are not fundamental defects indicating a miscarriage of justice so as to be cognizable in federal habeas proceeding)*; Browning v. Foltz,* 837 F.2d 276, 283 (6th Cir. 1988) (holding violation of IADA does not give rise to

3

federal habeas relief)*; Reilly v. Warden, FCI Petersburg,* 947 F.2d 43, 44 (2nd Cir. 1991) (same).

The petitioner in *Kerr*, sought habeas corpus relief for an alleged violation of the IADA time provisions for speedy disposition of untried charges. The *Kerr* court found that the petitioner introduced no evidence to show that the delay in disposition caused him to suffer prejudice in his incarceration or in his defense against his criminal charges. *Kerr*, 757 F.2d at 607. Because the petitioner in *Kerr* did not "present exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* [was] apparent," the Fourth Circuit held that the alleged violation of the 180-day IADA time provision did not present a cognizable habeas claim. *Id.*

As in *Kerr*, Petitioner provides no information indicating that the alleged delay in the disposition of his state criminal charges has prejudiced him in his incarceration or in his defense against those charges. Additionally, Petitioner can pursue his speedy trial claim in his state court trial. Petitioner therefore fails to demonstrate exceptional circumstances sufficient to warrant federal habeas review of his speedy trial claim. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971) (holding that absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings); *Dickerson*, 816 F.2d at 225–27 (finding that exceptional circumstances do not exist when the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner).

4

III.  Conclusion and Recommendation

Accordingly, the undersigned recommends that the instant petition for writ of habeas corpus be dismissed without prejudice and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

June 6, 2014  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).