UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dontest Gerald, | C/A No. 1:14-2063-JFA-SVH |
| Petitioner, | |
| v. | ORDER |
| Jimmy Richardson, II, Solicitor, | |
| Respondent. | |

The *pro se* petitioner, Dontest Gerald, is a pretrial detainee at the J. Reuben Long Detention Center in Conway, South Carolina awaiting disposition on various criminal charges. He contends that he is being illegally confined as a result of the State of South Carolina's violation of the Interstate Agreement on Detainers Act (IADA) and he seeks immediate release from custody.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that his petition pursuant to 28 U.S.C. § 2241 should be dismissed without prejudice. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 6, 2014. However, the petitioner has failed to filed objections and the time within which to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge correctly opines that petitioner has failed to demonstrate exceptional circumstances sufficient to warrant federal habeas review of his speedy trial claim. The Magistrate Judge also notes that the petitioner can pursue his speedy trial claim in state court.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds that the Magistrate Judge's recommendation is proper and incorporates it herein by reference. Accordingly, the petition is dismissed without prejudice.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

July 14, 2014                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).